STATE OF VERMONT

SUPERIOR COURT                                   ENVIRONMENTAL DIVISION
Vermont Unit                                     Docket No. 49-4-14 Vtec

| Madden v. Town of New Haven |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion for Summary Judgment
Filer:          John A.G. Madden
Attorney:       Pro Se
Filed Date:     April 28, 2014

Title:          Motion for Summary Judgment Cross
Filer:          Town of New Haven
Attorney:       Cindy Ellen Hill
Filed Date:     May 22, 2014

Response in opposition filed on 07/14/2014 by Attorney Cindy Ellen Hill for Interested Person
Town of New Haven
        Answer, Response  &  Objection
Reply filed on 07/16/2014 by John A.G. Madden, Appellant
        Replies/Amendments

**The Town's motion is GRANTED. Mr. Madden's motion is DENIED.**

On January 28, 2014 the Town of New Haven (the Town) Planning Commission (the Planning Commission) held a hearing and voted 6-0 on proposed zoning changes to a 3.45 acre parcel of land at the corner of River Road and Route 7 in New Haven, Vermont (parcel 788.1). the Town Selectboard (the Selectboard) held a public hearing on the issue in February 2014. New Haven resident John Madden, acting pro se, participated in the public hearing and questioned whether an amendment to the Zoning Map required a town vote.[1]  Subsequently, the Selectboard amended both the Town bylaws and the Zoning Map to reflect the changes to parcel 788.1 by majority vote.

---

[1] Mr. Madden alternatively refers to the Zoning Map as the "Land Use (Zoning) Map," the "Land Use Districts Map," and the "Land Use Planning Areas Map" and provides as reference copies of the 2007 Land Use Districts Map and the 2011 Land Use Planning Areas Map. None of the maps referenced by Mr. Madden are the Town of New Haven Zoning Map amended by the Selectboard during the February 2014 meeting.

Mr. Madden appealed that decision to this Court. In his petition, Mr. Madden requested that this Court clarify the proper procedure to amend the Town Zoning Map.[2] Specifically, he argues that the amendment required approval by a vote of New Haven residents rather than the Selectboard. Now pending before the Court are cross-motions for summary judgment.[3]

The Town argues two grounds for summary judgment. First, it argues that the Planning Commission and Selectboard followed the proper procedure when making changes to the zoning of parcel 788.1 and the corresponding area of the Town Zoning Map. Second, it argues that Mr. Madden's petition should be denied as a matter of law based on his misunderstanding of the Town's actions.

The Court will grant summary judgment if the moving party (here, the Town) demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). When considering a motion for summary judgment, the Court will accept as true all factual allegations made in opposition to a motion for summary judgment if supported by "specific citations to particular parts of materials in the record" and will grant the non-moving party (here, Mr. Madden) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; V.R.C.P. 56(c).

The Town's argument that the Planning Commission and Selectboard followed the proper procedure when amending its bylaws to reflect changes to parcel 788.1 is based on the language in title 24, chapter 117 of the Vermont Statutes Annotated. Pursuant to 24 V.S.A. § 4411, municipalities are vested with the authority to adopt, amend, and enforce zoning regulations (bylaws) in order to implement and direct development to match their town plan. 24 V.S.A. § 4411(a). A zoning bylaw amendment is generally prepared by the planning commission while it is the municipality's legislative body that is vested with the authority to adopt or amend the bylaw by majority vote. 24 V.S.A. §§ 4441, 4442(c)(1). For towns, the legislative body is the town selectboard. 24 V.S.A. § 4303(9).

Mr. Madden does not dispute the Planning Commission and Selectboard's authority to amend Town bylaws, nor the procedure by which they amended the bylaws regarding parcel 788.1. There is therefore no dispute as to whether the Town's actions conformed with the statutorily outlined procedure when it changed the zoning of parcel 788.1.

Mr. Madden argues, however, that amending the Zoning Map requires a different procedure, specifically a town vote by Australian ballot. This assertion arises out of an apparent failure to distinguish between the Zoning Map and the Town Plan Map. Zoning maps are part of the zoning regulations and provide a visual representation of existing bylaws as applied to "different classes of situations, uses, and structures and to different and separate districts of the municipality." 24 V.S.A. § 4411(b); Town of New Haven Zoning Bylaws, Art. II § 220 ("The official Zoning Map is hereby made a part of these regulations . . . ."). Distinct from the zoning

---

[2] In his petition, Mr. Madden referred to the map as the "Land Use (Zoning) Map."

[3] The Town also filed a motion to dismiss Mr. Madden's petition. Because we conclude that the Town is entitled to judgment as a matter of law that motion to dismiss is moot.

map, the town plan map (alternatively referred to as the Land Use Map) is part of the <u>town plan</u> and reflects both the present and prospective location and character of land uses and guides the sequence of development.  24 V.S.A. § 4382(a)(2).[4]  Thus, an amendment to the Zoning Map must be in accord with the procedural requirements for amending the Town bylaws, whereas an amendment to the Town Plan Map must follow the procedural requirements for amending the Town Plan.  While Mr. Madden is entitled to the benefit of all reasonable doubts and inferences, his mistaken belief that the changes in the zoning of parcel 788.1 are reflected in the Town Plan Map is not grounded in fact or law.  It is therefore undisputed that the changes will be represented in the Town's Zoning Map and that the Selectboard followed the proper statutory procedures for amending the Town bylaws.

For the reasons stated in greater detail above, the Town of New Haven's Motion for Summary Judgment is **GRANTED** and Mr. Madden's Motion for Summary Judgment is **DENIED**. This concludes the present matter before the Court.


Electronically signed on September 12, 2014 at 11:19 AM pursuant to V.R.E.F. 7(d).

_Tom Walsh_
_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division



<u>Notifications</u>:
Appellant John A.G. Madden
Cindy Ellen Hill (ERN 5390), Attorney for Interested Person Town of New Haven

---

[4] While § 4411(b) allows for a municipality to designate the Town Plan Map (Land Use Map) as the zoning map, the Town of New Haven has not done so.